## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI
## CIVIL NO. 09-772-SJD-JGW

**CAROL BYRD,**                                    **PLAINTIFF**

   **vs.**

**TIME WARNER CABLE**, *et al.*,                   **DEFENDANTS**


### REPORT AND RECOMMENDATION[1]

This is an employment discrimination case filed *pro se.* This matter is currently before the Court on Defendants' motion for partial summary judgment and supporting exhibits (Docs. 7, 34) and Plaintiff's memorandum *contra* (Doc. 22).

### I.  BACKGROUND AND PROCEDURAL HISTORY

On December 7, 2007, Plaintiff filed a complaint in the Court of Common Pleas of Hamilton County, Ohio against Time Warner Cable, Inc., Matthew Toft, Maria Bailey, Scott Matthews, Leroy Peyton and Carol Walker.  (Doc. 34, Ex. A).  Plaintiff's state court complaint set forth the following claims: Count I - Hostile Work Environment in violation of Ohio Rev. Code. Ann. § 4112.02, Count II - Wrongful Termination in Violation of Ohio Public Policy, Count III - Racial Discrimination in violation of Ohio Rev. Code. Ann. § 4112.02, Count IV - Age Discrimination in Violation of Ohio Rev. Code. Ann. § 4112.02, Count V- Family Medical Leave Act Retaliation/Discrimination, Count VI - Intentional Infliction of Emotional Distress, Count VII - Negligent Infliction of Emotional

---

[1]     Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Distress, Count VIII - Violation of Americans with Disabilities Act ("ADA") and Count

IX -Handicap Discrimination in Violation of Ohio Rev. Code. Ann. § 4112.02.  (*Id.*)

On January 31, 2008, Defendants filed a motion to dismiss Counts II, IV and VIII

of Plaintiff's state court complaint, for failure to state claims upon which relief could be

granted and for lack of subject matter jurisdiction.  (Doc. 34, Ex. B).  On February 24,

2008, the court granted Defendants' motion to dismiss Plaintiff's age discrimination

claim in violation of Ohio Rev. Code. Ann. § 4112.02 (Count II), Plaintiff's wrongful

termination in violation of Ohio public policy (Count IV), and Plaintiff's ADA claim

(Count VIII).  (Doc. 34, Ex. C).  Thereafter, on October 22, 2008, Plaintiff's remaining

claims were dismissed, without prejudice, for lack of prosecution.  (Doc. 34, Ex. D).

On October 22, 2009, Plaintiff filed the instant action, which is nearly identical to

the state court action.  (Doc. 3).  Plaintiff's complaint omitted one Defendant, Leroy

Peyton, but added two more, Monique Colbert and Patty Figg, both current employees of

Time Warner Cable.  (*Id.*).  In all other respects, the instant complaint is identical to her

original state court complaint, including those causes of action (Counts II, IV and VIII)

the Court of Common Pleas of Hamilton County, Ohio had dismissed, with prejudice, for

failure to state claims upon which relief could be granted and/or for lack of subject matter

jurisdiction.  (*See* Doc. 34, Ex. E).

## II.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to

the Court demonstrates that there is no genuine issue as to any material fact, and that the

movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . .  must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248 (1986).

## III.  ANALYSIS

Defendants assert that Counts II, IV, and VII of Plaintiff's complaint are barred by the doctrine of *res judicata*, and as such, Defendants are entitled to judgment as a matter of law with respect to those claims.  The undersigned agrees, and for the reasons that follow, herein recommends that Defendants' motion for partial summary judgment be granted.


### A.  *Res Judicata*

*Res judicata* bars a subsequent action if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was

litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.  *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

B.      *Counts II, IV, and VIII of Plaintiff's complaint are barred by the doctrine of res judicata*

On February 24, 2008, the state court granted Defendants' motion to dismiss with respect to Plaintiff's age discrimination claim in violation of Ohio law, Plaintiff's claim for wrongful termination in violation of Ohio public policy, and Plaintiff's American's with Disabilities Act ("ADA") claim, for failure to state claims upon which relief can be granted and/or lack of subject matter jurisdiction.  (Doc. 34, Ex. C).

The dismissal of those claims constituted a final decision on the merits.  *Wilson v. Strickland*, 333 Fed. Appx. 28. 2009 WL 1477248 (6th Cir. 2009) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979).  As noted above, under the doctrine of *res judicata*, a final judgment on the merits bars re-litigation of claims in a subsequent lawsuit involving the same parties or their privies.  *Wilson*, 2009 WL 1477248.

Here, Plaintiff's prior state court action and her current federal court action involve the same parties[2], are based upon the same facts, and allege the same claims and causes of action.  As noted above, dismissal of Counts II, IV and VIII of Plaintiff's state court Complaint constitutes an adjudication on the merits of those claims.  Therefore, such identical claims asserted in the instant action are barred by the doctrine of *res judicata*.

---

[2] Although Colbert and Figg were not named as Defendants in the state court case, they are both employees of Time Warner Cable, and therefore, are sufficiently in privity with Time Warner Cable for purposes of res judicata. *Sanders v. County of Wayne*, Case No. 03-1551, 2003 WL 23095673 (6th Cir. Dec. 9 2003) (citing *EEOC v. Frank's Nursery & Crafts, Inc*. 177 F.3d 448, 463 (6th Cir. 1999)).

Accordingly, the undersigned finds that Defendants are entitled to summary judgment with respect to Plaintiff's claims for wrongful termination in violation of Ohio public policy (Count II), age discrimination in violation of Ohio law (Count IV), and disability discrimination in violation of the ADA (Count VII).

## VI.  CONCLUSION

Based on the foregoing, **IT IS HEREIN RECOMMENDED THAT**:

(1)    Defendants' motion for partial summary judgment (Doc. 7) be **GRANTED**; and

(2)    Counts II, IV, and VIII of Plaintiff's complaint be **DISMISSED**.

Date:  June 9, 2010                         s/ J. Gregory Wehrman
                                            J. Gregory Wehrman
                                            United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**
**CIVIL NO. 09-772-SJD-JGW**

**CAROL BYRD,**                                **PLAINTIFF**

    **vs.**

**TIME WARNER CABLE,** *et al.,*                **DEFENDANTS**

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).